Filed 6/25/21  P. v. Leal CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BRANDALON LEAL,<br><br>　　　Defendant and Appellant. | F081773<br><br>(Kern Super. Ct. No. BF180528A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer and Judith K. Dulcich, Judges.[†]

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

[†] Judge Brehmer presided over the change of plea hearing; Judge Dulcich negotiated readiness and presided over the sentencing hearing.

## INTRODUCTION

Appellant and defendant Brandalon Leal pleaded no contest to robbery, admitted a firearm enhancement, and was sentenced to the stipulated term of 14 years imprisonment. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm.

## FACTS[1]

On February 28, 2020, a man, later identified as defendant, entered O'Reilly Auto Parts on Ming Avenue in Bakersfield; he approached the counter and demanded money from the clerk, Alberto Rivera.  Mr. Rivera opened the register and placed the cash drawer on the counter.  Defendant reached toward his waistband and revealed a black handgun.  He pointed it at the clerk and told Mr. Rivera to "bag it up."  Mr. Rivera took approximately $702 from the register and placed the money in one of the store's plastic bags.  Defendant told Mr. Rivera to open the other register and empty the contents.  Mr. Rivera opened the second register, removed approximately $470, and placed the money in the same bag.

Defendant next ordered the Mr. Rivera to open the safe, and he entered the code to do so.  Mr. Rivera told defendant there would be a 10-minute delay until the safe opened. Defendant did not wait and left the store on foot.

On March 6, 2020, a man with facial and neck tattoos, later identified as defendant, entered O'Reilly Auto Parts on Haley Street.  He approached the counter and showed the clerk, Isaac Castellanos, that he had a gun in his waistband.  Defendant ordered Mr. Castellanos to give him the money in the register.  Mr. Castellanos explained he did not have the register's key and had to call the manager.  Jaime Palo, the manager,

---

[1] The facts are from the preliminary hearing, which the parties stipulated to as the factual basis for the guilty plea.

opened the register and placed $96 on the counter.  Defendant told Mr. Castellanos to put the cash in a bag.  Palo complied; defendant took the bag and left the store.

On March 26, 2020, the police received information that defendant matched the description of the man who committed the two robberies; he had tattoos on his neck and near his eye, and he used a black firearm.  Based on this information, officers prepared a photographic lineup with his picture.  In separate meetings with officers, Mr. Rivera and Mr. Castellanos identified defendant from the photographic lineup as the man who committed the robberies.

## PROCEDURAL BACKGROUND

On June 10, 2020, an information was filed in the Superior Court of Kern County case No. BF180528A, charging defendant with counts 1 and 2, robberies of the two stores on, respectively, February 28 and March 6, 2020 (Pen. Code, § 212.5, subd. (c));[2] with enhancements for personal use of a firearm (§ 12022.53, subd. (b)); a prior serious felony conviction (§ 667, subd. (a)), and a prior strike conviction.

On July 24, 2020, the court granted the parties' motion to amend the information by stipulation to add additional firearm enhancements under section 12022.5.  Thereafter, defendant pleaded no contest to count 1, robbery of the store on February 28, 2020, admitted the section 12022.5 firearm enhancement, and admitted the prior strike conviction, for a stipulated term of 14 years.  The court dismissed the remaining charges and enhancements.  It also dismissed two other cases (Nos. BF180789A and BF180525A), with waivers pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, and the agreement that a criminal protective order would be issued in the latter dismissed case.

On August 25, 2020, the court sentenced defendant to the stipulated term of 14 years based on the upper term of five years for count 1, robbery, doubled to 10 years as

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

the second strike term, plus four years for the section 12022.5, subdivision (a) firearm enhancement.

The trial court issued and personally served defendant with a domestic violence criminal protective order (§ 273.5, subd. (j)), that prohibited contact with the victim E.H. for 10 years in the dismissed case No. BF180525A, pursuant to the *Harvey* waiver.

Defense counsel stipulated to the fines and fees recommended in the probation report. The court imposed a crime prevention fine of $10 (§ 1202.5), a restitution fine of $300 (§ 1202.4, subd. (b)), suspended the $300 parole revocation fine (§ 1202.45), and ordered victim restitution in all cases pursuant to the *Harvey* waiver in an amount to be determined (§ 1202.4, subd. (f)). It also imposed a court operations assessment of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373).

On September 16, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 2, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.